Ivonne TATIRATU, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–74707.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Ivonne Tatiratu, Riverside, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Shahira M. Tadross, Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Ivonne Tatiratu, a native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' decision affirming an Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's finding that Tatiratu failed to demonstrate an objective, well-founded fear of persecution because she did not show a particularized risk of persecution in Indonesia. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (stating that in order to establish well-founded fear of persecution, petitioner cannot simply prove that there exists a generalized or random possibility of persecution, she must show that she is at particular risk). Tatiratu was able to practice her Christian faith, attend college, and work in Indonesia, with only isolated incidents of harassment and discrimination by Muslim neighbors. She also made several trips between the United States and Indonesia between 1988 and 1992, without incident, before overstaying her visa in December 1992. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (observing that applicant's claim of persecution upon return is undermined when applicant has returned to native country without incident).

Because Tatiratu failed to demonstrate that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). In addition, substantial evidence supports the denial of relief under the CAT. *See id.* at 1157.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.